24-3261-cr
*United States v. Singh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                             24-3261

PARWINDER SINGH

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | AMANDA SHAMI, Amy Busa, Assistant United States Attorneys *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | GARY SCHOER, Syosset, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Parwinder Singh appeals from a judgment of the United States District Court for the Eastern District of New York, entered on December 6, 2024, convicting him of attempted obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2), and escape from custody, in violation of 18 U.S.C. § 751(a), and sentencing him to 44 months' imprisonment, two years' supervised release, and a $200 special assessment.

Late on September 13 and into the morning of September 14, 2023, Singh repeatedly called and texted Sadaf Anwar, who he had been romantically involved with, asking to see her. At around 4:30 AM on September 14, when Anwar arrived near her home, Singh approached her. After a brief argument, he broke her phone screen, repeatedly hit her, shoved her to the ground, and then picked her up and carried her to his car. He then proceeded to drive Anwar from Brooklyn to Queens, Staten Island, and New Jersey. Singh was arrested in New Jersey later that morning and was indicted on kidnapping charges in the Eastern District of New York on September 26, 2023. By superseding indictments, Singh was also charged with escape from custody and attempted obstruction of justice. Following a July 2024 jury trial, Singh was convicted of the obstruction and escape charges, but the jury failed to return a verdict on the kidnapping charge.

On appeal, Singh argues that the evidence adduced at trial was insufficient to establish that he committed attempted obstruction of justice. He urges, particularly in light of the fact that the jury did not convict him of kidnapping Anwar, that his repeated requests that she change her story

amounted only to "asking her to tell the truth . . . ." Blue Br. at 25–26. Singh claims, "there was sufficient doubt" that he had "corruptly" tried to influence her testimony in violation of 18 U.S.C. §1512(c)(2) to require that the jury's verdict be set aside. *Id.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

\* \* \*

We review a district court's denial of a motion for a judgment of acquittal under Rule 29 de novo. *See United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). In assessing a sufficiency of the evidence challenge, "we view the evidence in the light most favorable to the Government with all reasonable inferences resolved in the Government's favor." *United States v. Requena*, 980 F.3d 30, 43 (2d Cir. 2020). The "verdict must be upheld if any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt." *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). "The government's proof need not exclude every possible hypothesis of innocence, and where there are conflicts in the testimony, we defer 'to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence.'" *United States v. Best*, 219 F.3d 192, 200 (2d Cir. 2000) (internal citations omitted) (quoting *United States v. Morrison,* 153 F.3d 34, 49 (2d Cir.1998)); *see also United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010) (explaining that when reviewing a sufficiency challenge, we "assum[e] that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution").

Singh argues that "there was sufficient doubt he had 'corruptly' tried to influence [Anwar's] testimony as to undermine the obstruction verdict." Blue Br. at 26. Pointing to the

jury's failure to reach a unanimous verdict on the kidnapping charge, Singh argues that any efforts to persuade Anwar to recant or change her testimony could not have been done with a corrupt purpose. Instead, such efforts were to convince her to tell the truth. We disagree.

To start, the jury's failure to convict Singh on the kidnapping charge does not bear on our sufficiency analysis for the obstruction conviction. Sufficiency of the evidence review "should not be confused with the problems caused by inconsistent verdicts. [It] involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. This review should be independent of the jury's determination that evidence on another count was insufficient." *United States v. Powell*, 469 U.S. 57, 67 (1984) (internal citations omitted).

The evidence adduced at trial was more than sufficient for a juror to conclude that Singh, both in his own repeated phone calls with Anwar and through outreach by others, corruptly attempted to persuade Anwar to recant her allegations. For example, in one recorded telephone conversation, Singh directed Anwar to attest that she told him to put her in the car because "you came from the party and you did not have your shoes." Gov't App'x at 89. "That is why you told me to put you in the car and so I did. Just like couples, you know." *Id*. But at trial, Anwar testified that "[w]hen [Singh] picked me up and he put me on his shoulders my shoes fell off." Trial Tr. at 675. The jury also had evidence that Anwar sent text messages from Singh's car, indicating that her shoes had been left in front of her house, not at a party. *Id.* at 704. And, on appeal, Singh agrees that Anwar's shoes "were [] left on the ground" near her home. Blue Br. at 6. The jury was permitted to credit Anwar's testimony as to what happened and, accordingly,

4

conclude that Singh was asking her to lie.[1] Additionally, the jury heard recorded conversations in which Singh discussed with friends his efforts to persuade Anwar to recant.[2] In one such conversation, Singh's associate, Kamal, advised Singh, "Brother, I have told you that we will get you out of there . . . . Buddy, you act like you love her for now. The day that you will come out, don't even talk to her." Gov't App'x at 82. Anwar testified that Kamal offered her $5,000 to "drop the charges" at a point shortly after repeated telephone calls between Kamal and Singh discussing how they might convince Anwar to do so. Gov't App'x at 25. And while Singh argues on appeal, as he did at trial, that he had directed Anwar not to speak to Kamal, the "choice of the competing inferences that can be drawn from the evidence," as well as issues regarding "the weight of the evidence" and "the credibility of the witnesses," are left to the jury. *Morrison*, 153 F.3d at 49.

In sum, the evidence at trial was sufficient for a jury reasonably to conclude that, regardless of whether Singh kidnapped Anwar, he attempted to obstruct justice by repeatedly pressuring her to falsely recant allegations and statements made to the government or that she would make as a witness at trial. In such circumstances, Singh's conviction for attempted obstruction of justice is properly affirmed.

\* \* \*

---

[1] In yet another phone call, Singh instructed Anwar to tell the government before trial that "he did not force me into anything. You tell them that you asked me to pick you up and put you in the car." Gov't App'x at 92. At trial, Anwar instead testified that Singh pushed her to the ground, causing scratches on her elbow and on her knees and a bump on her head, before picking her up, putting her on his shoulders, and carrying her to his car. Trial Tr. at 673. The jury also saw surveillance footage of Singh carrying Anwar on his shoulder and into the vehicle from which they could assess Singh and Anwar's respective credibility. Trial Tr. at 423.

[2] The jury also heard evidence that Singh's friends and family repeatedly contacted Anwar. Anwar testified that Singh's mother called her approximately ten times per week and his sister texted her almost every day.

We have considered Singh's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk